UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DWANNA FROST,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-70

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS; AND (3) THIS CASE BE CLOSED**
_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court on Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc.10), Plaintiff's Reply (doc. 11), the administrative record (doc. 7),[3] and the record as a whole.

I.

A.    **Procedural History**

Plaintiff filed for SSI and DIB alleging disability as a result of a number of alleged impairments including, *inter alia*, hidradenitis (a chronic skin condition), a depressive order, and an anxiety order. PageID 808.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.1520 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

Plaintiff first applied for benefits on September 28, 2011. PageID 61. After initial denial of her applications, Plaintiff received a hearing before ALJ Elizabeth Motta. PageID 81-114. In a decision dated January 17, 2014, the ALJ found Plaintiff not disabled. PageID 61-80. The ALJ's non-disability finding was subsequently reversed by this Court on February 12, 2016 and remanded for further administrative proceedings. PageID 906-07. After obtaining additional evidence and holding a second hearing, ALJ Motta issued a second written decision dated September 23, 2016, again finding Plaintiff not disabled. PageID 805-26. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[4] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 824.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 936. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal challenging the ALJ's September 23, 2016 decision. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B. **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 805-26), Plaintiff's Statement of Errors (doc. 9), and the Commissioner's memorandum in opposition (doc. 10). The Court incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[4] "Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.967(a).

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity;

2. Does the claimant suffer from one or more severe impairments;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues the ALJ erred in: (1) finding that her impairments did not meet or equal Listing § 8.06; and (2) weighing the medical source opinions. Doc. 9 at PageID 1725. This second issue is dispositive of this appeal.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a

4

unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinions must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

At issue here are the opinions of two treating physicians, Michael A. Elrod, D.O., and Morris Brown, M.D., who both opined that Plaintiff's impairments would severely impact her ability to work. First, Dr. Elrod indicated that Plaintiff would have difficulty with sustained sitting, difficulty and pain with raising both arms and sustained use of her arms, difficulty using her right hand due to weakness, and difficulty with any lifting and any sustained reaching. PageID 458. The ALJ determined that Dr. Elrod's opinion "was not entitled to controlling or deferential weight." PageID 820. Accordingly, the ALJ declined to include Dr. Elrod's limitations in the RFC.

5

The undersigned finds two errors in the ALJ's assessment of Dr. Elrod's opinion. First, despite accurately reciting the applicable treating physician rule, the ALJ failed to apply it. PageID 819. Specifically, the ALJ erroneously discounted Dr. Elrod's opinion after finding that it was given proximately to Plaintiff's surgeries, and "at those times the claimant may have some minor limitations, [but] it is not realistic that she would have difficulty with these activities most of the time." PageID 820. This determination is not commensurate with the controlling weight test, which requires the ALJ to analyze whether Dr. Elrod's opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia* 549 F. App'x at 384. Thus, the ALJ failed to articulate "good reasons" for discounting the treating physician's opinion. *Wilson*, 378 F.3d at 541; *Roberts v. Comm'r of Soc. Sec.*, 14 F. Supp. 3d 968, 977 (S.D. Ohio 2014).

Second, the ALJ's conclusion impermissibly substitutes her opinion for that of Dr. Elrod's by independently determining that the limitations set forth by Dr. Elrod were applicable only immediately after Plaintiffs' surgeries. *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (stating "ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings"); *Mabra v. Comm'r of Soc. Sec.*, No. 2:11-cv-00407, 2012 WL 3600127, at *3 (S.D. Ohio 2012) ("[T]he Court cannot ignore that the ALJ offered [his] own lay interpretation of the medical evidence in the face of more severe opinions from Plaintiff's treating physician"). Even if the ALJ's medical assumption in this regard -- *i.e.*, that Dr. Elrod's limitations are applicable only concurrent with surgery -- is correct, the record belies the ALJ's subsequent assertion that this necessarily means they are inapplicable "most the time." PageID 820. Indeed, in a span of just one year, Plaintiff -- as a result of her hidradenitis -- was required to have recurrent abscesses under both arms surgically drained sixteen times (*i.e.*, an average of over once per month). PageID 778. Because the ALJ substituted her own medical judgment for that of a

treating physician's, the undersigned finds the ALJ's weighing of Dr. Elrod's opinion not supported by substantial evidence. *Meece v. Barnhart*, 192 F. App'x 456, 456 (6th Cir. 2006).

The ALJ's errors are more glaring in light of the opinions of treating physician Dr. Brown, which support the limitations proffered by Dr. Elrod. In March, 2016, Dr. Brown concluded that Plaintiff was "medically frail" due to her severe hidradenitis. PageID 1714. A month later, Dr. Brown opined that Plaintiff's hidradenitis and depression prevented her from being prompt and regular in attendance at work. PageID 1716. He concluded that she was unable to withstand the pressure of meeting normal standards of work productivity and work accuracy without a risk of decompensation, and was unable to complete a normal work day and work week without interruption from her symptoms. *Id*. Ultimately, Dr. Brown concluded that Plaintiff was unable to perform even sedentary work and would be absent from work more than three times a month. PageID 1720-21. The Vocational Expert ("VE") testified at the hearing that if Plaintiff were absent from work even *two* times a month, she would not be eligible for any competitive employment. PageID 899-900.

The ALJ similarly discounted Dr. Brown's treating opinion, finding that it was not "entitled to controlling or deferential weight under the regulations." PageID 820. Again, the ALJ summarily asserted that she employed the controlling weight analysis, but neglected to apply the first step of the test in any substantive way. *See Chrismon v. Colvin* 531 F. App'x 893, 900 (10th Cir. 2013) (in analyzing a treating physician's opinion, "the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct"). Rather, the ALJ determined that Dr. Brown's opinion was internally inconsistent and unsupported. While a proper critique under the regulations, such factors are relevant only after the ALJ provides good reasons for "not giv[ing] the treating source's medical opinion controlling weight" -- a required step the ALJ failed to address in this case. 20 C.F.R. § 1527(c)(2); *see also Gayheart*, 710 F.3d at 376 (noting that certain factors are "properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight").

7

This error is not harmless where, as here, a proper execution of the treating physician rule results in a conclusion contrary to the ALJ's. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001) (finding harmless error only when the proper use of legal standards and procedure would have resulted in the same outcome as that produced in spite of the presence of the error). The record is rife with objective medical findings that are consistent with, and support, affording Dr. Brown's opinion controlling weight. As noted *supra*, Dr. Elrod performed multiple surgeries on Plaintiff and opined that she would have difficulty and pain with raising and substantial use of her arms. PageID 458; *O'Malley v. Comm'r of Soc. Sec.*, 210 F. Supp. 3d 909, 915 (S.D. Ohio 2016) ("Given the relatively consistent opinions between these two treaters, the ALJ's error was not harmless").

Dr. Brown, himself, performed multiple surgeries on Plaintiff and noted, from October 2012 to September 2013, that she had "tenderness and limited range of motion" in both of her upper extremities. PageID 739, 745, 748, 753, 756, 763, 766, 773, 779, 783, 790, 794. During this same time, Dr. Brown noted that due to her hidradenitis Plaintiff had a painful cyst on her right buttocks and a waddling gait (PageID 523-25); multiple raised tender nodules (PageID 794); lacerations on her left labia with pus, lesions of the right axilla, right armpit flattened nevis, and anal and rectal abscesses (Page ID 740-50). In September 2015, she was diagnosed with MRSA. PageID 1651. In November 2015, Plaintiff required an excision of recurrent hidradenitis in both her right and left axillary. PageID 1635. In June 2016, Plaintiff underwent excision of painful nodules on the right upper extremity and right breast. PageID 1654. "The ALJ's error cannot be deemed harmless when the treating physician's opinion should have been given controlling weight, and that assignment of controlling weight would have resulted in a finding of disability." *Linton v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 165085, *39-40 (S.D. Ohio 2013).

The undersigned finally notes that, in regard to Dr. Brown's opinion concerning Plaintiff's mental impairments, the ALJ discounted it partially because "Dr. Brown is not a mental health professional." PageID 820. But, "it is well established that primary care physicians (those in family

8

or general practice) 'identify and treat the majority of Americans' psychiatric disorders.'" *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). As this Court has noted a number of times, family physicians such as Dr. Brown are competent to render medical opinions regarding mental impairments and the limitations associated therewith. *Wert v. Comm'r of Soc. Sec.*, 166 F.Supp.3d 935, 946 (S.D. Ohio 2016); *Byrd v. Comm'r of Soc. Sec.*, No. 3:14-CV-242, 2015 WL 4540575, at *5 (S.D. Ohio May 29, 2015); *King v. Comm'r of Soc. Sec.*, No. 3:14-CV-351, 2016 WL 1729550, at *6 (S.D. Ohio Mar. 28, 2016). Dr. Brown concluded that Plaintiff was disabled due to her depression, and the ALJ erred when she failed to articulate "good reasons" why this opinion was not entitled to controlling weight. *Blakley*, 581 F.3d at 406–07.

The ALJ's error substantially prejudiced Plaintiff resulting in the wrongful denial of benefits, and it is therefore not harmless. *See Wilson*, 378 F.3d at 547. The vocational expert testified that if Plaintiff were limited as described by treating physician Dr. Brown, competitive employment would be precluded. PageID 899-900.

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

Such is the case, here, where two of Plaintiff's treating physicians endorsed more restrictive limitations on Plaintiff's ability to work than did the ALJ and those limitations are strongly supported

by Plaintiff's extensive history of skin lesions. Moreover, the Court notes that because this case was remanded to the Commissioner previously, there is no just reason to further delay this matter for even more administrative procedures. *See Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 730 (6th Cir. 2014).

V.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits; and (3) this case be **CLOSED**.

Date:   December 18, 2018                           s/ Michael J. Newman
                                                                 Michael J. Newman
                                                                 United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).