IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DWANNA FROST, :

      Plaintiff, : Case No. 3:18-cv-70

vs. : JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY, :

      Defendant. :

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #12); SUSTAINING
DEFENDANT'S OBJECTIONS THERETO (DOC. #17); RECOMMITTING
MATTER TO UNITED STATES MAGISTRATE JUDGE FOR INITIAL
DETERMINATION ON PLAINTIFF'S FIRST STATEMENT OF ERROR

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On December 18, 2018, the United States Magistrate Judge filed a Report and Recommendations (Doc. #12), recommending that the Commissioner's non-disability finding be deemed unsupported by substantial evidence and reversed, and that this matter be remanded to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits. The Commissioner has filed Objections to the Report and Recommendations (Doc.

#17). For the reasons set forth below, the Court sustains those Objections and recommits the matter to the Magistrate Judge for further proceedings.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those portions of the report to which proper objections have been made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence previously reviewed by the Magistrate Judge to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005).

This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict." *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . .

2

[I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

Plaintiff suffers from hidradenitis, which is recurrent cysts, particularly under her arms and in her groin area, depressive disorder, anxiety disorder, posttraumatic stress disorder, cocaine dependence and cannabis abuse. Doc. #7-9, PageID#808.

3

This Court reversed the Administrative Law Judge's ("ALJ's") first non-disability finding and remanded the case for further proceedings. On remand, the ALJ again determined that Plaintiff is not disabled, and has the residual functional capacity ("RFC") to perform light work with numerous restrictions. *Id.* at PageID##808-12.

Plaintiff alleges that the ALJ erred in: (1) finding that her impairments did not meet or equal Listing § 8.06; and (2) in evaluating medical evidence and medical source opinions. The Magistrate Judge addressed only the second alleged error, finding it dispositive. Doc. #12, PageID#1772.

This second alleged error centers on the treating physician rule. If well-supported and not inconsistent with the other substantial evidence in the case record, a treating physician's opinion concerning the nature and severity of the claimant's impairments must be given controlling weight. *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). If the ALJ does not afford a treating source's opinion controlling weight, the ALJ must "must apply certain factors—namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion." *Id.* at 385 (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). The ALJ must give "good reasons" for rejecting the opinion of a treating source. *Id.*

4

Here, the Magistrate Judge found that the ALJ failed to give good reasons for not giving controlling weight to the opinions of Plaintiff's two treating physicians, Morris Brown, M.D., and Michael Elrod, D.O. According to the Magistrate Judge, the ALJ discounted their opinions for other reasons *prior to* determining whether they were well-supported and not inconsistent with other substantial evidence in the record, and essentially substituted her own medical judgment for theirs.

The Commissioner objects to the Magistrate Judge's findings. For the reasons set forth below, the Court SUSTAINS the Commissioner's Objections.

**A.**

The Court turns first to Dr. Elrod's opinion. On January 5, 2012, he opined that, because of the hidradenitis, Plaintiff would have difficulty with sustained sitting, lifting, reaching, using the right hand or using bilateral arms on a sustained basis. Doc. #7-7, PageID#458. The ALJ gave "little weight" to this opinion. She first noted that Dr. Elrod had last seen Plaintiff on October 11, 2011, shortly after Plaintiff had a cyst excised and before she had any physical therapy.

The ALJ then noted that Dr. Hicks, who performed subsequent excisions of later cysts, noted that Plaintiff had recovered well after each procedure. Doc. #7-9, PageID#820. She gave his opinion significant weight. Moreover, after 2012, Plaintiff had only two other surgical removals of cysts. Doc. #7-9, PageID#814. The ALJ noted that Plaintiff's cyst condition was "minimal or nonexistent for much of the record." Doc. #7-9, PageID#820. The ALJ concluded that, although the

5

restrictions cited by Dr. Elrod may have been applicable immediately after Plaintiff's surgery, it was "not realistic that she would have difficulty with these activities most of the time." *Id.* For these reasons, the ALJ refused to include Dr. Elrod's suggested restrictions in the RFC.

In other words, although Dr. Elrod's opinion was supported by the medical evidence immediately following Plaintiff's surgery, it was inconsistent with other substantial evidence in the case record, including the opinion of Dr. Hicks who actually performed many of the surgeries and noted that Plaintiff recovered well after each excision. The Court agrees with the Commissioner that the ALJ gave good reasons for not giving controlling weight to Dr. Elrod's opinion.

The Magistrate Judge found that the ALJ substituted her medical judgment for that of Dr. Elrod by independently determining that these restrictions would be intermittent; he noted that Plaintiff had sixteen surgeries over the course of one year. As the Commissioner points out, however, the Magistrate Judge failed to address Dr. Hicks' statement that Plaintiff recovered well after each surgery or the fact that, after 2012, Plaintiff required only two more excisions. The Magistrate Judge also failed to discuss the fact that Dr. Hicks did not find Plaintiff to be disabled. Based on the evidence presented to the ALJ, she reasonably concluded that Dr. Elrod's restrictions were not entitled to controlling weight.

**B.**

Dr. Brown, Plaintiff's family physician, provided a statement dated March 25, 2016, indicating that Plaintiff was "medically frail" due to her severe axillary hidradenitis. He noted no functional limitations and offered no opinion about her ability to work. Doc. #7-16, PageID#1714. The ALJ gave this statement no weight, because the term "medically frail" does not equate to a disability and says nothing of the severity of the condition. The ALJ further noted that Plaintiff's condition is sporadic and she gets relief quickly when a cyst is excised. Doc. #7-9, PageID#820.

Dr. Brown also completed interrogatories dated June 6, 2016. He indicated that he had treated Plaintiff for hidradenitis and depression. He opined that her impairments would affect her attendance at work and her ability to withstand the pressure of meeting normal work standards of productivity and accuracy. Doc. #7-16, PageID#1716. Nevertheless, he stated that her impairments would not affect lifting, carrying, standing, walking, sitting or postural activities, and that she could lift 10 pounds and sit or stand for eight hours a day. He also opined that she would likely be absent more than three times a month. Dr. Brown concluded that Plaintiff did not have the residual functional capacity to perform even sedentary work on a sustained basis. Doc. #7-16, PageID#1717-21. The vocational expert testified at the hearing that even two absences a month would render Plaintiff ineligible for competitive employment. Doc. #7-9, PageID##899-900.

7

The ALJ gave Dr. Brown's June 6, 2016, opinion little weight. She pointed to numerous restrictions that were unsupported by any objective findings in the record. For example, his statements that Plaintiff could lift or carry no more than 10 pounds, was unable to do even sedentary work, would be absent more than three times a month, and had certain environmental restrictions were not supported by any objective findings.

The ALJ also noted that Dr. Brown's answers to the interrogatories were internally inconsistent. For example, even though he stated that her impairments did not affect her ability to lift or carry, he then limited her to lifting and carrying no more than 10 pounds. Even though her stated that she could sit or stand for eight hours a day, he nevertheless finds that she cannot perform sedentary work.

To the extent that some of Dr. Brown's findings were based on his psychological evaluation of Plaintiff, the ALJ noted that Dr. Brown is not a mental health professional. Moreover, his medical records indicate that the brief mental status observations that he conducted of Plaintiff were regularly, if not always, normal. The medical records were therefore inconsistent with his opinion that Plaintiff's depression rendered her completely unable to work. The ALJ also noted that Dr. Brown made no mention of Plaintiff's substance abuse issues. Doc. #7-9, PageID#820-21.

Again, the Magistrate Judge found that the ALJ discounted Dr. Brown's opinions without first determining whether they were well-supported and not

8

inconsistent with the other substantial evidence in the case record. He further found that she failed to articulate good reasons for not giving Dr. Brown's opinion controlling weight.

Again, the Court disagrees. The ALJ explained at length why she believed that Dr. Brown's opinion concerning the nature and severity of Plaintiff's impairments was not well-supported. Moreover, she explained not only why his opinion was inconsistent with other substantial record evidence, but she also pointed out all of the internal inconsistencies in the interrogatories.

This Court has previously held that "[l]ack of objective support (e.g., from treatment notes) for a treating source's opinion, and inconsistency of that opinion with other evidence of record, are valid reasons for both refusing to assign controlling weight to an opinion at step one of the treating rule and for discounting the opinion's weight at step two. 20 C.F.R. § 404.1527(c)(2-4)." *Sanders v. Berryhill*, No. 3:16-cv-263, 2017 WL 10808813, *2 (S.D. Ohio Aug. 15, 2017).

In the Court's view, the ALJ properly applied the treating physician rule and gave good reasons for refusing to give Dr. Brown's opinion controlling weight.

### C.

For the reasons set forth above, the Court SUSTAINS the Commissioner's Objections to the Report and Recommendations (Doc. #17) and REJECTS the Magistrate Judge's Report and Recommendations (Doc. #12), as it relates to Plaintiff's Second Assignment of Error, the weighing of medical source opinions.

Given that the Magistrate Judge has not yet made any determination concerning Plaintiff's First Statement of Error, *i.e.*, whether the ALJ erred in finding that Plaintiff's impairments did not meet or equal Listing § 8.06, the Court RECOMMITS this matter to Magistrate Judge Newman for a Report and Recommendation on that issue.

September 28, 2019

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT