UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DWANNA FROST,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-70

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

_____

**REPORT AND RECOMMENDATION[1] WITH RESPECT TO PLAINTIFF'S SECOND ALLEGED ERROR THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE; (2) THE ALJ'S NON-DISABILITY FINDING BE AFFIRMED; AND (3) THIS CASE BE TERMINATED ON THE DOCKET**
_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court on Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc.10), Plaintiff's Reply (doc. 11), and the administrative record (doc. 7).[3]

**I.**

**A.    Procedural History**

The undersigned previously issued a Report and Recommendation that the ALJ's non-disability finding be reversed and remanded. Doc. 12. In so concluding, the undersigned reached the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.1520 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

merits of one of Plaintiff's alleged two errors. *Id.* The Commissioner filed objections to the Report and Recommendation. Doc. 17. The decision and entry issued on September 30, 2019 sustained the Commission's objections, affirmed the ALJ's analysis with respect to the alleged error at issue, and recommitted this case to the undersigned for a review of Plaintiff's second alleged error. Doc. 18.

**B.     Evidence of Record**

The evidence of record and the procedural history of this case is adequately summarized in the ALJ's decision (PageID 805-26), Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), and the Decision and Entry entered on September 30, 2019 (doc. 18). The Court incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.*, 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will

not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity;

2. Does the claimant suffer from one or more severe impairments;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

3

**III.**

This case was recommitted to the undersigned to consider Plaintiff's second alleged error -- that the ALJ erred in finding that Plaintiff's impairments do not meet or equal Listing § 8.06. Doc. 9 at PageID 1725. Because substantial evidence supports the ALJ's determination in this regard, the non-disability finding should be affirmed.

The Listing of Impairments "describes impairments the SSA considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 653 (6th Cir. 2009) (citing 20 C.F.R. § 404.1525(a)) (internal quotations omitted). An ALJ is not required to "address every listing" or to "discuss listings that the applicant clearly does not meet." *Smith–Johnson v. Comm'r of Soc. Sec.*, 579 Fed.Appx. 426, 432 (citations omitted). However, if the record evidence raises a "substantial question" regarding whether a plaintiff meets a listing, an ALJ's failure to discuss the relevant listing constitutes reversible error. *Id.; Reynolds v. Comm'r of Soc. Sec.*, 424 Fed.Appx. 411, 416 (6th Cir.2011). To meet this standard, the "claimant must point to specific evidence that demonstrates he [or she] reasonably could meet or equal every requirement of the listing." *Smith–Johnson*, 579 Fed.Appx. at 432 (citations omitted).

To meet Listing § 8.06, which concerns hidradenitis suppurative, Plaintiff must have "extensive skin lesions involving both axillae, both inguinal areas or the perineum that persist for at least three months despite continuing treatment as prescribed." 20 C.F.R. § 404, Subpt. P, App. 1, 8.06. "Extensive" skin lesions "are those that involve multiple body sites or critical body areas, and result in a very serious limitation." 20 C.F.R. § 404, Subpt. P, App. 1, 8.00(C)(1). The regulations provide examples of extensive skin lesions, including, relevant here "[s]kin lesions that interfere with the motion of your joints and that very seriously limit your use of more than one

extremity; that is, two upper extremities, two lower extremities, or one upper and one lower extremity." *Id.*

In concluding that Plaintiff did not meet Listing § 8.06, the ALJ found that Plaintiff's lesions were not "extensive" because:

> They did not cause "very serious limitation" in both upper extremities…. The claimant healed relatively quickly following each procedure, and the claimant's physicians noted on several occasions that the claimant was only "moderately uncomfortable" or that the cysts were only mildly to moderately tender. Progress notes from the claimant's primary care physician generally document only tenderness and limited range of motion of the joints, and not to a severe degree. Moreover, the claimant's treatment for cysts faded out of the record largely after some treatment. Since the issuance of the remanded decision, her condition was generally controlled with medication prescribed by her primary care physician. She only required excision of cysts on two remote occasions in November 2015 and June 2016, without significant complications or limitations resulting from these procedures.

PageID 809. Plaintiff's contention -- that the ALJ's analysis is unsupported by substantial evidence -- lacks merit.[4] As explained by the ALJ, the record demonstrates improvement after the excisions, with only tenderness and a non-severe limited range of motion in Plaintiff's extremities thereafter. PageID 813; 819 (*citing* medical notes indicating that she was "doing well"). Indeed, Plaintiff reported only "modest[]" discomfort after one of her excisions. *Id*. The ALJ did not err in concluding that this objective evidence did not support a finding of a "very serious limitation" as contemplated by the definition of "extensive" skin lesions in Listing § 8.00(C)(1). The only medical opinion of record suggesting that Plaintiff was limited in the use of her upper extremities

---

[4] In the alternative, Plaintiff argues that "[a]t a minimum, coupled with her well-documented severe mental impairments… the ALJ erred in finding that her impairments did not at least equal the Listing." PageID 1738. This assertion, unsupported by any further explanation, does not satisfy Plaintiff's burden to prove that her impairment medically met or equaled Listing § 8.06. *Lusk v. Comm'r of Soc. Sec.*, 106 Fed. Appx. 405, 411 (6th Cir. 2004) (finding that Plaintiff "must present specific medical findings that his impairment meets the applicable impairment or present medical evidence that describes how his impairment is equivalent to a listed impairment").

5

was that of Michael A. Elrod, D.O. *See, e.g.,* PageID 458. However, as explained in the Decision and Entry, this opinion was not entitled to controlling or deferential weight. Doc. 18 at PageID 1802-03. The undersigned therefore recommends that Plaintiff's remaining contention of error not be sustained.

## IV.

Accordingly, it is **RECOMMENDED**, with respect to Plaintiff's second alleged error, that: (1) the ALJ's non-disability finding be found supported by substantial evidence **AFFIRMED**; and (2) this case be **TERMINATED** on the Court's docket.

Date: October 21, 2019            s/ Michael J. Newman
                                                   Michael J. Newman
                                                   United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).